UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LABORFEST LLC, LARRY WILLIAMS,**

  *Plaintiffs*,

v.                                                Case No. SA-19-CV-00060-JKP

**CITY OF SAN ANTONIO; JOHN DOES UNKNOWN CITY EMPLOYEES; TICKETMASTER L.L.C.,**

  *Defendants*.

# O R D E R

Before the Court is Plaintiffs Laborfest and Larry Williams's appeal of Magistrate Judge Farrer's Text Order granting the City of San Antonio's Motion to Quash Subpoena and Order Forbidding Deposition of Sheryl Sculley. *See ECF Nos. 88,90, and Text Order entered June 9, 2021.* Upon consideration, this Court **AFFIRMS** Magistrate Judge Farrer's Text Order.

### I. Authority of Magistrate Judge and Standard of Review

The subject Text Order issued by Magistrate Judge Farrer disposed of a non-dispositive motion. This district judge may review and reconsider any non-dispositive pretrial matter decided by a magistrate judge when a party shows "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As further guidance, Federal Rule 72(a) mandates the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Federal Rule 72(a) and Section 636(b)(1)(A) set out a "highly deferential standard" which requires the court affirm the magistrate judge's decision unless, upon review of the evidence presented, the court is left with a definite and firm conviction a mistake was committed. *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013)(quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Following this established deferential standard, a district judge must apply the clearly-erroneous standard to the factual components of the magistrate judge's decision. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *Baylor Health Care Sys.*, 955 F. Supp. 2d at 689 (internal quotation omitted). The district court may not disturb a magistrate judge's factual finding unless, after review of all evidence supporting the decision, it is left with the definite and firm conviction a mistake was committed. *Baylor Health Care Sys.*, 955 F. Supp. 2d at 689. "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse the magistrate judge's order based on these factual findings." *Id.* at 689 (internal quotation omitted). The clearly erroneous standard of review does not entitle the reviewing district court to reverse or reconsider the Magistrate Judge's order simply because it would decide the matter differently. *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015); *Gomez v. Ford Motor Co.*, 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017). To the contrary, "the great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Guzman*, 808 F.3d at 1036 (citations and internal quotation marks omitted).

The magistrate judge's legal conclusions are reviewed *de novo*, and the district judge may reverse the order only if the magistrate judge erred in forming any legal conclusion. *Baylor*

*Health Care Sys.*, 955 F. Supp. 2d at 689. Finally, the abuse of discretion standard applies to any review of the "vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20, 2016). Further, this Court's Local Rules provide "[t]he [district] judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule." *Rule 4, Appendix C: Local Rules for the Assignment of Duties to United States Magistrate Judges*.

Consistent with Section 636(b)(1), Federal Rule 72(a), and the Local Rules, the Court reviews the subject Text Order entered by Magistrate Judge Farrer on June 9, 2021, and Plaintiffs' arguments for reversal.

## II. Undisputed Factual Basis

On May 19, 2021, the City of San Antonio filed a Motion to Quash the notice of Sheryl Sculley's oral deposition and the subpoena commanding her appearance at the deposition, and moved for an order forbidding the deposition, and Plaintiffs responded. *ECF Nos. 82,83*. Magistrate Judge Farrer held a hearing on the Motion to Quash on June 1, 2021.

Following argument and presentation of evidence by both parties at the hearing on the Motion to Quash, Magistrate Judge Farrer granted the City of San Antonio's Motion to Quash, stating his reasons on the record. On the same date, a Minute Entry was entered on the docket sheet indicating Judge Farrer held a hearing on the Motion to Quash, and he granted the motion. The Minute Entry also indicated the hearing was recorded by stating, "Court Reporter ftr gold." Subsequently, on June 9, 2021, Judge Farrer entered a Text Order granting the Motion to Quash "for the reasons stated on the record at the June 1, 2021 hearing."

3

### III. Plaintiffs' Objections

Plaintiffs filed objections to and appeal of Magistrate Judge Farrer's ruling on the subject Motion to Quash. In its filing, Plaintiffs' counsel states he "will do his best to restate Judge Farrer's reasons for granting the Motion to Quash based on what Plaintiff's counsel remembers from the hearing and based on his notes." Plaintiffs do not provide this Court with a transcript of the hearing from which this Court may ascertain from the record Judge Farrer's findings, reasons, or basis for his ruling on the Motion to Quash, nor do Plaintiffs provide reason why the transcript is not available.

When ruling on a non-dispositive motion, a magistrate judge must issue an order in writing and enter the order in the record. Fed. R. Civ. P. 72(a), 1983 Notes to Rule 72(a). A text order is sufficient to satisfy this requirement. In addition, an oral order read into the record by the magistrate is sufficient to satisfy this requirement. *See id.*, 1983 Notes to Rule 72(a).

Here, Magistrate Judge Farrer provided his findings and the reasons for his ruling on the Motion to Quash orally at the hearing and subsequently issued the written order by Text Order "for the reasons stated on the record at the June 1, 2021 hearing." Thus, without a transcript of the hearing, this Court cannot review Magistrate Judge Farrer's findings and conclusions.

This Court finds precedence pertaining to the absence of a trial record in the context of a bankruptcy proceedings and general appellate practice applicable here. In appellate practice, an appellant waives objections to the district court's findings if it fails to provide a transcript in its appeal. Fed. R. App. P. 10(b)(2); *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 Fed. Appx. 778, 781 (5th Cir. 2009). In the context of bankruptcy proceedings, "[i]n the absence of a transcript, we must presume the bankruptcy court's findings of fact are correct and supported by the evidence; therefore, [appellant] simply cannot meet his burden on appeal."

*In re Solomon*, 129 F.3d 608, 1997 WL 680934, *6 (5th Cir. 1997)); *see also In re Foster*, 644 Fed.Appx. 336, 338 (5th Cir. March 30, 2016) ("We cannot review [the bankruptcy's court's] determination because, in their appeal to the district court and again to this court, the [appellants] failed to include in the record a transcript of the evidentiary hearing.").

Consequently, without the transcript of the hearing held on June 1, 2021, this Court does not have the opportunity to review Magistrate Judge Farrer's findings and basis for his conclusions, and therefore, must affirm the ruling. *See Certain Underwriters at Lloyds London*, 355 Fed. Appx. at 781; *In re Solomon*, 129 F.3d at *6; *In re Foster*, 644 Fed.Appx. at 338. In any event, in the interest of caution, this Court *sua sponte* reviewed the Motion to Quash and Plaintiffs' responses and objections to the ruling. From this discretionary *de novo* review of the record before the Court, this Court concludes the Motion to Quash should be granted. *See Rule 4, Appendix C: Local Rules for the Assignment of Duties to United States Magistrate Judges*.

## IV. Conclusion

After review of the parties' briefing on the Motion to Quash, Plaintiffs' objections to Judge Farrer's ruling on the motion and briefing on appeal, and Judge Farrer's Text Order, this Court is not left with any definite and firm conviction that Judge Farrer committed any factual mistake. Upon *de novo* review of the record before this Court on this appeal from the Text Order, the Court finds no error. Accordingly, the Court OVERRULES all objections asserted by Plaintiffs to Magistrate Judge Farrer's Text Order and AFFIRMS Judge Farrer's Text Order granting the City of San Antonio's Motion to Quash.

It is so ORDERED.
SIGNED this 24th day of June, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE