UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LABORFEST LLC, LARRY WIL-LIAMS,**

   *Plaintiffs*,

v.                                             Case No.  SA-19-CV-00060-JKP

**CITY OF SAN ANTONIO; JOHN DOES; UNKNOWN CITY EMPLOY-EES,**

   *Defendants*.

# O R D E R

Before the Court is Plaintiffs' Motion for Leave to File Eleventh Amended Complaint. *ECF No. 106*. Upon consideration, the Court concludes the Motion shall be DENIED.

A party may amend a pleading after expiration of the Scheduling Order deadline with the opposing party's consent or the court's leave. Fed.R.Civ.P. 15(a). Leave should be given "freely . . . when justice so requires." Because Plaintiffs' filed this motion after the expiration of the Court-ordered deadline to amend pleadings, granting the motion would require modification of the Court's Scheduling Order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, the motion must be made pursuant to Federal Rule 16(b)(4), which provides a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Thus, in evaluat-

ing a motion to amend pleadings filed after the Scheduling Order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*. Only once good cause is shown does the more liberal standard of Federal Rule 15(a) apply. *Id.* In exercising its discretion under Federal Rule 15(a), the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co*., 898 F.3d 461, 477 (5th Cir. 2018).

In the Motion, Plaintiffs state they seek to amend the Complaint to remove a dismissed party, re-allege facts to be clearer and more concise, re-plead counts more narrowly, allege newly discovered counts, and dismiss claims they no longer wish to pursue, namely, Theft Liability Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

Plaintiffs fail to establish good cause required for leave to amend. Plaintiffs provide no explanation for the failure to include these modifications in the ten previous amendments; the Scheduling Order was amended four times, and the deadline for amendment of pleadings of August 7, 2020 is well passed; all Scheduling Order deadlines have now passed, and discovery is closed, and; the case is set for trial following determination of a pending Motion to Dismiss. In addition, Ticketmaster has been dismissed from this suit. Therefore, amendment of the Complaint to omit this party is not necessary. Finally, the Motion does not comply with Local Rule CV-7(g), which requires any movant to confer with opposing counsel in a good-faith attempt to

resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Upon consideration of these factors, the Court concludes Plaintiff's Motion for Leave to File Eleventh Amended Complaint is DENIED.

It is so ORDERED.
SIGNED this 29th day of October, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE