UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LABORFEST LLC, LARRY WIL-
LIAMS,**

   *Plaintiffs*,

v.                                                         **Case No.  SA-19-CV-00060-JKP**

**CITY OF SAN ANTONIO, JOHN
DOES, UNKNOWN CITY EMPLOY-
EES,**

   *Defendants*.


## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant the City of San Antonio's (hereinafter "the City") Motion to Dismiss Pursuant to Federal Rule 12(c) and Motion for Summary Judgment.[1] *ECF Nos. 100,109*. Plaintiffs (hereinafter Laborfest) responded. *ECF No. 105*. Upon consideration, the Court concludes the City's Motion for (Partial) Summary Judgement shall be GRANTED. Accordingly, Laborfest's asserted state-law causes of action of breach of contract, negligence, negligent misrepresentation, fraud, and conversion are DISMISSED for lack of subject matter jurisdiction.

### Undisputed Factual Background

---

[1]  The solitary motion is mis-titled. To begin, the City seeks dismissal based upon Federal Rule of Civil Procedure 12(c). A motion filed pursuant to Federal Rule 12(c) is not a Motion to Dismiss, but a Motion for Judgment on the Pleadings. Next, the City seeks summary judgment in the same motion, based upon the same reasons. However, the City seeks summary judgment on only the asserted state-law causes of action, not the asserted federal causes of action. Accordingly, the City's motion is a Motion for Partial Summary Judgment.

LaborFest hosted events at the City's Sunken Garden Theater in 2013, 2014, and 2015. LaborFest entered a contract with the City's Department of Convention and Sports Facilities to hold the 2016 event in the Henry B. Gonzales Convention Center (HBG). The contract between the City and Laborfest for the 2016 event at HBG required that Ticketmaster process and administer all ticket sales for the Laborfest event.

As the event date drew near, Laborfest became dissatisfied with Ticketmaster, so the City (with Ticketmaster's consent) allowed LaborFest to engage another vendor to process all remaining ticket sales. Still, Laborfest was not satisfied with the final ticket sales and deemed the event "less than successful." Laborfest filed suit against Ticketmaster, the City and other City employees. Laborfest asserts federal causes of action of violation of 42 U.S.C. § 1981 for discrimination as to a governmental contract and violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, as well as state law causes of action of breach of contract, negligence, negligent misrepresentation, fraud, and conversion. Laborfest seeks damages for lost potential revenue for ticket sales and lost profits for prospective events in 2017, 2018, and 2019. Laborfest also seeks compensation for mental anguish. The present motion pertains only to the state-law causes of action asserted against the City's unnamed employees and vicariously against the City.

## Legal Standard

As discussed, the City filed this single Motion for Judgment on the Pleadings, pursuant to Federal Rule 12(c), combined with a Motion for Partial Summary Judgment pursuant to Federal Rule 56. Because the City relies upon review of evidence for determination of the issues presented and because the issues presented are issues of law and could affect this Court's subject matter jurisdiction, this Court will address the motion as a Motion for Partial Summary Judgment, only.

2

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the

motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v.*
*Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).


### Discussion

The City seeks summary judgment on Laborfest's state-law causes of action asserting governmental immunity shields it from suit, and Laborfest cannot show any waiver of governmental immunity applies. The City contends its operation and management of the HBG Convention Center is designated as a governmental function by the Texas Legislature, and therefore, its execution of contracts for use of the Convention Center is a governmental function as a matter of law.

Laborfest responds governmental immunity does not apply in this context because the City's actions giving rise to the state-law causes of action, that of ticketing services and licensing, were not governmental functions, but were proprietary functions.

### Governmental Immunity

Governmental immunity from suit, which is a jurisdictional issue, prevents a plaintiff from bringing suit against a governmental unit[3] unless the immunity is expressly waived. *Tooke*
*v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). When a municipality raises the jurisdictional issue of governmental immunity in a summary judgment motion, it must establish such immunity as a matter of law. *Thompson v. City of Corsicana Hous. Auth.,* 57 S.W.3d 547, 552 (Tex.App.-Waco 2001, no pet.), *abrogated on other grounds, Lujan v. Navistar, Inc.*, 555 S.W.3d 79 (Tex. 2018). Once the municipality/movant establishes governmental immunity ap-

---

[3]  The parties do not dispute the City, as a municipality, qualifies as a governmental unit for the purposes of determination whether governmental immunity applies.

plies as a matter of law, the burden of production shifts to the non-movant to establish a waiver of immunity. *Thompson,* 57 S.W.3d at 552. Even though the burden of production shifts, the burden of proof remains with the municipality to negate any issues raised by the non-movant and conclusively establish its entitlement to summary judgment as a matter of law. *Id.; Sipes v. City of Grapevine*, 146 S.W.3d 273, 279 (Tex. App.—Fort Worth 2004), *rev'd in part*, 195 S.W.3d 689 (Tex. 2006)

Because some municipality actions may be proprietary, not governmental acts, when a municipality is sued, governmental immunity applies only when the cause of action is based upon a government act. *Wasson Interests, Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 146 (Tex. 2018); *Guillory v. Port of Houston Auth.*, 845 S.W.2d 812. 814 (Tex. 1993). Governmental immunity does not protect the municipality when it engages in proprietary acts. *Wasson Interests,* 559 S.W.3d at 146. Consequently, when determining the application of governmental immunity with regard to the acts of a municipality, the Court must first determine whether the suit arises from the municipality's performance of proprietary or governmental functions. *Wasson Interests*, 559 S.W.3d at 147. Determination whether a municipality's actions are proprietary or governmental is a legal question. *Id*. If the Court finds the suit arises from performance of a governmental function, the Court must then determine whether the governmental entity waived governmental immunity to any of the asserted causes of action.

### 1. Proprietary or Governmental Function

Specifically, Laborfest argues the City was performing a proprietary function when it contracted with Laborfest to license the HBG Convention Center and performed ticketing services under the contract. Laborfest contends the causes of action arise from the City's defective performance in licensing the Convention Center and in executing ticket sales.

A governmental act is done in the furtherance of the general interest of the public at large. *Wasson Interests*, 559 S.W.3d at 153; *Hays St. Bridge*, 570 S.W.3d at 705. Governmental acts of a municipality are those that state law requires the municipality to perform as an agent of the State for the benefit of the public at large, or acts that are closely related to or necessary for those acts to happen. *Wasson Interests*, 559 S.W.3d at 150-153; *Hays St. Bridge*, 570 S.W.3d at 705. Proprietary functions are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality. *Hays St. Bridge*, 570 S.W.3d at 705; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(b).

To begin this analysis, the Texas Constitution gives the Legislature the authority to define which acts of a municipality are considered governmental. Tex. Const. art. 11; *Tooke*, 197 S.W.3d at 343. Pursuant to this authority, within the Texas Tort Claims Act, the Texas Legislature enumerates specific functions that cities must perform for the benefit of the state. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). With regard to these enumerated governmental functions, "these functions are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public. . . " *Id*. If any component of a municipal function is governmental, the municipality's actions in conducting the entire function will be considered governmental. *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 357 (Tex. App. - San Antonio 2000, pet. denied). A plaintiff may not split aspects of an operation into discrete functions and recharacterize some functions as proprietary, regardless of the municipality's motive for engaging in the activity. *Plano v Homoky*, 294 S.W.3d 809, 815 (Tex. App. - Dallas 2009, no pet.); *City of San Antonio v. BSR Water Co.*, 190 S.W.3d 747, 753 (Tex. App. - San Antonio 2005, no pet.).

Although a breach-of-contract cause does not fall within the purview of the Texas Tort Claims Act, even in breach-of-contract cases, "'courts should be guided ... by the [Tort Claims Act's] treatment of the proprietary-governmental distinction.'" *Hays St. Bridge*, 570 S.W.3d at 704 (quoting *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 439). "[I]n answering the proprietary versus governmental question, 'the focus belongs on the nature of the contract, not the nature of the breach.'" *Hays St. Bridge*, 570 S.W.3d at 704 (quoting *Wasson Interests, Ltd. v. City of Jacksonville*, 570 S.W.3d at 149). The inquiry is whether the municipality engaged in a governmental or proprietary function when it entered the contract; the municipality's function when it allegedly breached the contract is not relevant to the distinction. *Wasson Interests, Ltd. v. City of Jacksonville*, 570 S.W.3d at 149.

Accordingly, the proper analysis whether the City's conduct is governmental or proprietary in the context of a breach of contract cause of action is, first: whether the lists of governmental functions in Section 101.0215 of the Tort Claims Act include the kind of contract at issue. *Hays St. Bridge*, 570 S.W.3d at 704; *Wasson Interests, Ltd. v. City of Jacksonville*, 570 S.W.3d at 150. Next, if the alleged actionable conduct is not one of the governmental functions enumerated in § 101.0215, a court must apply the general definitions of "governmental functions" and "proprietary functions" in the Texas Tort Claims Act. *Id*. The court may determine application of those definitions by considering four factors: whether (1) the City's act of entering into the [contract] was mandatory or discretionary; (2) the [contract was] intended to benefit the general public or the City's residents; (3) the City was acting on the State's behalf or its own behalf when it entered the [contract]; and (4) the City's act of entering into the [contract] was sufficiently related to a governmental function to render the act governmental even if it would otherwise have been proprietary. *Hays St. Bridge*, 570 S.W.3d at 705 (Tex. 2019); *Wasson Interests, Ltd. v. City*

8

*of Jacksonville*, 570 S.W.3d at 150. Finally, when "some factors ... point to one result while others point to the opposite result", "courts should consider immunity's nature and purpose and the derivative nature of a city's access to that protection." *Hays St. Bridge*, 570 S.W.3d at 704–05.

With regard to the matters presented in this matter, "civic, convention centers, or coliseums" is an enumerated governmental function of a municipality within the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(16). Clearly, the basis of the City's contract with Laborfest, and the source of the factual basis of the tort causes of action, is the City's operation of the HBG Convention Center, a clearly enumerated governmental function pursuant to the strictures of the Texas Tort Claims Act. (a)(16). Any actions by the City upon which Laborfest relies to give rise to its state law causes of action were encompassed within the governmental function of "civic, convention centers, or coliseums", and thereby may not be parsed out to characterize those as proprietary. *See Tex. River Barges,* S.W.3d at 357; *see also Herschbach v. City of Corpus Christi,* 883 S.W.2d 720, 730 (Tex. App.-Corpus Christi 1994, writ denied); *Mitchell v. City of Dallas,* 855 S.W.2d 741, 744 (Tex.App.—Dallas 1993), *aff'd,* 870 S.W.2d 21 (Tex. 1994). Thus, Laborfest may not parse out "ticketing", or "leasing"or other actions or aspects of the City's operation of the HBG Convention Center into discrete functions and recharacterize these functions as proprietary to serve as the basis for the state law causes of action.

With regard to the breach of contract cause of action, the City was engaged in a governmental function when it entered the contract: operation and management of the HBG Convention Center. The nature of the contract was to facilitate a clear governmental function. Thus, even if the City did engage in ticketing, as alleged, the focus is on the nature of the contract, not the nature of the breach. Therefore, this argument must also fail.

Because the Court determines this suit and the state law causes of action arise out of the City's performance of a governmental function, governmental immunity applies. This governmental immunity from suit defeats this Court's subject matter jurisdiction unless Laborfest can affirmatively demonstrate a valid waiver of immunity as a matter of law. *Thompson,* 57 S.W.3d at 552; *Sipes*, 146 S.W.3d at 279.

### 2. Waiver of Governmental Immunity

Laborfest does not present argument within its Response to the City's Motion with regard to waiver of governmental immunity. Because Laborfest does not address waiver of immunity, it fails to satisfy the shifting burden of production in the summary judgment context. Thus, the Court must conclude governmental immunity shields the City from suit on the asserted state-law causes of action as a matter of law, and no waiver of this immunity applies.

### Conclusion

Laborfest asserted state-law tort and breach of contract causes of action against the City, which may be adjudicated within the supplemental jurisdiction of this Court. The factual basis giving rise to all the state law causes of action arises from the City's operation and management of the HBG Convention Center. Consequently, governmental immunity shields the City from suit on these causes of action, and this Court is without subject matter jurisdiction to adjudicate them. Laborfest fails to demonstrate waiver of the City's governmental immunity to satisfy its summary judgment burden of production. Accordingly, governmental immunity bars Laborfest's state-law causes of action of breach of contract, negligence, negligent misrepresentation, fraud, and conversion, and these causes are DISMISSED for lack of subject matter jurisdiction.

It is so ORDERED.
SIGNED this 10th day of November, 2021.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE