UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LABORFEST LLC, LARRY WIL-
LIAMS,**

    *Plaintiffs*,

**v.**                               **Case No.  SA-19-CV-00060-JKP**

**CITY OF SAN ANTONIO, UNKNOWN
CITY EMPLOYEES,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant the City of San Antonio's (hereinafter "the City") Motion for Judgment on the Pleadings and for Summary Judgment.[1] *ECF No. 116*. Plaintiffs (hereinafter Laborfest) filed an untimely Response.[2] Upon consideration, the Court concludes the City's Motion for Summary Judgement shall be GRANTED. Accordingly, Laborfest's case is DISMISSED with prejudice.

### Undisputed Factual Background

LaborFest hosted events at the City's Sunken Garden Theater in 2013, 2014, and 2015. LaborFest entered a contract with the City's Department of Convention and Sports Facilities to hold the 2016 event in the Henry B. Gonzalez Convention Center (HBG). The contract between

---

[1] Because the City combined the Federal Rule 12(c) motion and the Motion for Summary Judgment in one document, and attached evidence, this Court must treat and analyze the motion as a Motion for Summary Judgment, only. *See* Fed. R. Civ. P. 12(d).

[2] While Laborfest's Response is untimely, the Court will consider it to provide reasonable opportunity to provide argument and evidence.

the City and Laborfest for the 2016 event at HBG required that Ticketmaster process and administer all ticket sales for the Laborfest event.

As the event date drew near, Laborfest became dissatisfied with Ticketmaster, so the City and Ticketmaster allowed LaborFest to engage another vendor to process all remaining ticket sales. Still, Laborfest was not satisfied with the final ticket sales and deemed the event "less than successful."

Laborfest filed suit against Ticketmaster, the City and other named City employees. In their live Tenth Amended Complaint, Laborfest names both the City of San Antonio and individuals purported to be City employees at the time of the events in question. However, Plaintiffs never served any individual employee. *ECF No. 34*. Against the City, Laborfest asserted federal causes of action of violation of 42 U.S.C. § 1981 for racial discrimination as to a governmental contract and violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, as well as state law causes of action of breach of contract, negligence, negligent misrepresentation, fraud, and conversion. Laborfest seeks damages for lost potential revenue for ticket sales and lost profits for prospective events in 2017, 2018, and 2019. Laborfest also seeks compensation for mental anguish.

Ticketmaster was previously dismissed from suit following settlement. This Court previously granted summary judgment on Laborfest's state-law causes of action. This present motion pertains to the only remaining federal causes of action asserted against the City and its employees: violation of 42 U.S.C. § 1981 by committing racial discrimination in the execution of a governmental contract and violation of 42 U.S.C. § 1983 and the Fourteenth Amendment by illegally holding and converting funds belonging to Laborfest.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[3] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

---

[3] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a

court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

When in cases such as this, dismissal of a claim is sought at a late stage in litigation through a Motion for Summary Judgment, to survive dismissal, the face of the Complaint and any supporting evidence must show a bar to relief or demonstrate beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). As such, at this summary judgment stage, dismissal of a cause of action can be based upon the absence of a triable dispute of material fact, or the absence of sufficient facts alleged under a cognizable legal theory. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019; *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

A Court will not apply a heightened pleading standard to a § 1981 or 1983 claim and will accept the facts asserted in the Complaint as true and view them in the light most favorable to the Plaintiff. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993); *Clark,* 794 F.2d at 970. However, a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Likewise, a formulaic recitation of the elements of a cause of action will not suffice to survive summary judgment should the movant adequately establish its burden of proof. *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010). *Ashcroft v. Iqbal,* 556 U.S. at 679.

**Discussion**

**A.    Causes of Action Asserted Against Individual Defendants**

Laborfest names as Defendants both the City of San Antonio and several individuals purported to be City employees at the time of the events in question; however, Laborfest never served any individual employee. Because the individually named City employees were not served, they never became parties to the case. *See Imperial ED Promotions, L.L.C. v. Pacquiao*, 549 F. App'x 295, 297 (5th Cir. 2013) (per curiam). Therefore, to the extent Laborfest asserts any cause of action against individual employees of the City, summary judgment in favor of any named individual employees of the City is appropriate at this time.

**B.    Laborfest's Cause of Action Under 42 U.S.C. § 1981**

In its Tenth Amended Complaint, Laborfest contends "the City and its employees' failure to allow him to use his private ticketing company was based on discrimination." Specifically, Laborfest contends "similarly situated events that were not being promoted by an African American promoter were allowed to use their own ticketing companies and that the basis for said action was racially biased and motivated." *ECF No. 34, p. 12.*

Section 1981 provides, in relevant part, that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981(b) defines the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* To establish a claim for violation of § 1981, a plaintiff must establish (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned an activity enumerated in the

statute-here, making a contract. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

A municipality may not be held liable for its employees' violations of § 1981 under a *respondeat superior* theory. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 702 (1989). When a claim is asserted against a state actor, § 1983, which protects against the "deprivation of ... rights secured by the Constitution and laws" provides the exclusive federal-damages remedy for the violation of the rights guaranteed by § 1981. *Id*. Thus, when a claimant seeks to hold a governmental entity liable in damages for violation of § 1981 rights, such claim must also be pursued under the remedial provisions of § 1983. *Id*.; *Montgomery-Smith v. Louisiana Dep't of Health & Hosps.*, 299 F. Supp. 3d 790, 805 (E.D. La. 2018), aff'd sub nom. *Montgomery-Smith v. George*, 810 Fed. Appx. 252, 256 (5th Cir. 2020).

"[R]equiring § 1981 claims against state actors to be pursued through § 1983 is not a mere pleading formality." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002). The holding in *Jett* requires the dismissal of causes of action asserting violations of § 1981 by local government actors when the pertinent provisions of the Complaint alleging that violation do not clearly and expressly also allege § 1981's requisite linkage with § 1983. *Escamilla v. Elliott*, 816 Fed. Appx. 919, 922–23 (5th Cir. 2020)(holding the liberally-constructed Complaint sufficiently contained the requisite linkage).

Here, it is clear Laborfest plead its asserted violations of § 1981 and § 1983 as independent causes of action, only. Laborfest delineates its first cause of action as: "42 S.C. [sic] 1981-Discrimination as to Governmental Contract." Laborfest invoked §1981 based solely on factual allegations that the City discriminated against it based on race by requiring it to use Ticketmaster as the ticket agent for the LaborFest event. Laborfest does not reference § 1983 in

any depiction or allegation pertaining to its allegations arising under § 1981. Laborfest provides no verbiage, even ambiguous, which would inform this Court it intended to link the alleged violations of § 1981 to the protections of § 1983.

Laborfest delineates its second cause of action as: "42 U.S.C. 1983 and 14th Amendment to the United States Constitution." Similarly, Laborfest does not reference § 1981 in its cause of action pursuant to § 1983. The facts supporting the delineated § 1981 cause of action are different and clearly independent of those supporting the § 1983 cause of action, as Laborfest invoked § 1983 based solely upon factual allegations that the City improperly held, and thus, converted funds from ticket sales owed to Laborfest.

Even after providing liberal construction of the supporting factual basis, Laborfest failed to invoke § 1983 in connection with its claim under § 1981 and pleaded its § 1981 without any linkage or reference to the rights protected by § 1983. Therefore, Laborfest provides no basis to assert or prove a § 1981 cause of action against the City. For this reason, the Tenth Amended Complaint demonstrates the absence of a triable dispute of material fact. *See Montgomery-Smith v. George.*, 810 F. App'x at 256-57; *Ensley v. DeSoto Indep. Sch. Dist.*, No. 3:19-CV-2094-N, 2020 WL 2542602, *2 (N.D. Tex., May 18, 2020). Accordingly, summary judgment with regard to the 1981 cause of action is appropriate. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019.

## C.     Laborfest's Cause of Action Under 42 U.S.C. § 1983

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Section 1983 does not create substantive rights but merely provides a remedy for alleged deprivation of rights provided by the

Constitution or statute. Consequently, "an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Montgomery-Smith v. George*, 810 Fed. Appx. at 257. Therefore, to assert a viable § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021).

Laborfest bases its § 1983 claim upon violation of the Fourteenth Amendment. *ECF No. 34, p. 12*. Specifically, Laborfest contends the City violated § 1983 and the Fourteenth Amendment by "illegally holding and converting [its] money and profits from [the Laborfest event]."

The Fourteenth Amendment forbids government conduct that deprives "any person of life, liberty or property without due process of law." U.S. CONST., amend. IV. "To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Morris v. Livingston*, 739 F.3d 740, 749-50 (5th Cir. 2014). "To prevail on a [procedural] due process claim, plaintiffs must show: (1) they possess a property interest that is protected by the due process clause, and (2) [the defendant's] procedures are constitutionally inadequate." *Ridgely v. Federal Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Substantive due process ensures that public officials exercise professional judgment in a nonarbitrary and non-capricious manner, and regardless of the fairness of the procedures used, the government does not use its power for oppressive purposes. *Lewis v. University of Tex. Med. Branch at Galveston*, 665 F.3d 625, 631 (5th Cir. 2011) (per curiam); *Patterson Def. POW/MIA Acct. Agency*, 343 F.

Supp. 3d 637, 646 (W.D. Tex. 2018).[4]

A governmental entity cannot be liable under § 1983 solely under a theory of respondeat superior or vicarious liability. *Monell v. Dept. of Social Serv. of City of New York*, 436 U.S. 658, 691-95 (1978). Therefore, to impose liability on a governmental entity for a constitutional violation, § 1983 requires the entity, itself, to have caused the alleged violation. *Id.*; *City of Canton, Oh. v. Harris*, 489 U.S. 378, 385 (1989). As a result, claimants cannot sue a local government under section 1983 for an injury inflicted solely by its employees. In accordance with this principle, municipal liability under § 1983 requires proof of three elements: 1) a policymaker; 2) an official policy or custom; and 3) a violation of constitutional rights whose 'moving force' is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In addition, there must be a direct causal link between the municipal policy and the constitutional deprivation. *Id.* at 580. "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

Therefore, to prevail on the asserted § 1983 cause of action, Laborfest must allege and prove the City violated the Fourteenth Amendment by acting under an established policy or custom to deprive Laborfest of the money owed without procedural or substantive due process.

To begin, Laborfest fails to assert whether the City violated its procedural or substantive rights provided under the Fourteenth Amendment. Laborfest states in general and conclusory fashion that the City violated § 1983 and the Fourteenth Amendment by illegally holding and converting its funds. With this general and conclusory statement, Laborfest fails to state even a

---

[4] The Fourteenth Amendment also prohibits the denial of equal protection of the laws. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009). However, this Court concludes the equal protection provision does not apply under these facts as alleged.

formulaic recitation of the elements of the cause of action from which it might obtain relief. For this reason, alone, summary judgment is appropriate because the Tenth Amended Complaint demonstrates the absence of a triable dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019.

Further, in its Tenth Amended Complaint, Laborfest failed to allege any formal action by any policymaker; failed to allege any custom or pattern that rose to the level of an official policy, and; failed to allege the requisite knowledge of the City's governing body. *See Monell*, 436 U.S. at 694-95; *Piotrowski*, 237 F.3d at 578. Laborfest simply described the basis of the § 1983 claim in conclusory fashion by stating, the City and its named employees illegally withheld and converted its money and profits from the Laborfest event. *ECF #34 at pars. 30, 31*. Laborfest's failure to allege these basic, requisite elements of the cause of action, even in general terms, demonstrates the absence of a triable dispute of material fact. Consequently, summary judgment is appropriate. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019.

Finally, Laborfest does not allege or designate any municipal policy or generally allege any municipal policy is the moving force behind any constitutional violation. Laborfest does not allege any facts which could support an allegation of the requisite direct causal link. Laborfest fails to allege a policy that is unconstitutional on its face or the requisite culpability of deliberate indifference to their constitutional rights. Based upon these pleading deficiencies and inability to prove their cause of action as a matter of law, summary judgment is appropriate because the Tenth Amended Complaint demonstrates the absence of a triable dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019.

Even assuming Laborfest asserted sufficient facts and basis for a § 1983 cause of action, in its untimely response, Laborfest provides no evidence, and thus, fails to provide any evidence

which would raise a genuine dispute of material fact whether a policymaker acted to convert ticket profits without due process or in an arbitrary and capricious manner, or of any such custom or pattern that rises to the level of an official policy. Laborfest provides no evidence which would raise a genuine dispute of material fact whether any municipal policy is the moving force behind any constitutional violation with the requisite direct causal link; whether any policy is unconstitutional on its face, and whether the City employees acted with the requisite culpability of deliberate indifference to Laborfest's constitutional rights.

For these reasons, summary judgment is appropriate for Laborfest's cause of action asserted under § 1983 for violation of its Fourteenth Amendment rights.

## Conclusion

For the reasons stated, the Court **GRANTS** the City's Motion for Summary Judgment on Laborfest's remaining asserted causes of action of violations of § 1981 and § 1983. The Court **DISMISSES** this action with prejudice. The trial scheduled on February 23, 2022 is hereby canceled. The Clerk of Court is directed to close the case. Final judgment will issue by separate order.

It is so ORDERED.
SIGNED this 11th day of January, 2022.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

12